```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION


FARREL KEITH HALL,

              Petitioner,

vs.                               Case No.   2:04-cv-548-FtM-29DNF
                                  Case No.   2:02-cr-117-FtM-29DNF

UNITED STATES OF AMERICA,

              Respondent.
_____/
```

## OPINION AND ORDER

This matter comes before the Court on a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Cv.Doc. #1)[1] (the Motion) and a Declaration (Cv.Doc. #2), both filed on November 1, 2004. The government filed its Response in Opposition (Cv.Doc. #17) on July 5, 2005. On September 1, 2005, the undersigned entered an Order (Cv.Doc. #18) referring a portion of the Motion to a Magistrate Judge for an evidentiary hearing and the issuance of a Report and Recommendation. The magistrate judge appointed counsel for petitioner (Doc. #19), and held an evidentiary hearing on November 3, 2005 (Cv.Doc. #26). On December 7, 2005, a Report and Recommendation (Cv.Doc. #27) was filed. No objections have been filed to the Report and Recommendation, and the time to do so has expired.

---

[1] The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. To avoid confusion, the Court will refer to the docket in the civil habeas case as "Cv.Doc.", and will refer to the criminal prosecution as "Cr.Doc."

I.

On April 29, 2003, Petitioner Farrel Keith Hall (Hall or petitioner) pled guilty pursuant to a Plea Agreement (Cr.Doc. #214, 237) to Count One of a Superceding Indictment (Cr.Doc. #46) charging him with conspiracy to import five kilograms or more of cocaine. On October 27, 2003, after receiving a downward departure based upon substantial assistance, petitioner was sentenced to 151 months imprisonment, five years supervised release, and a $100 special assessment (Cr.Doc. #481, 483). Petitioner did not file a direct appeal.

Petitioner's § 2255 motion raises three issues: (1) Ineffective assistance of trial counsel for failing to file a Notice of Appeal after being instructed by petitioner to do so; (2) ineffective assistance of counsel in failing to appeal, and trial court error in failing to grant, a role reduction under the Sentencing Guidelines because petitioner was an "off-loader" and other defendants in the case who performed similar functions were given a reduced role; and (3) violation of <u>Blakley v. Washington</u>, 542 U.S. 296 (2004) because the Superceding Indictment charged five kilograms of cocaine but petitioner was sentenced based upon an amount in excess of five kilograms.

II.

The issue of ineffective assistance of counsel for failing to file a Notice of Appeal was referred to the Magistrate Judge, who

appointed counsel for petitioner, conducted an evidentiary hearing, and submitted a Report and Recommendation.  No objections were filed to the Report and Recommendation.  After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b()1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party."  Jeffrey S. by Ernest S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)).  The district judge reviews legal conclusions *de novo*, even in the absence of an objection.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

The Court has read the transcript of the evidentiary hearing. After conducting a careful and complete review of the findings, conclusions and recommendations, and giving *de novo* review to the legal issues, the Court accepts the factual findings, conclusions and recommendations of the Magistrate Judge.  The Court finds Mr. Ostrander's testimony that he would have filed a notice of appeal if asked, even if there were no grounds to appeal, to be credible.

Indeed, court records establish that Mr. Ostrander has indeed filed such appeals in the recent past and knew the proper procedure. E.g., United States v. Harris, No. 05-12108, 2005 WL 3311990 (11th Cir. Dec. 8, 2005)(copy attached)(allowing Mr. Ostrander to withdraw after filing an Anders brief).

**III.**

Plaintiff asserts that the sentencing court erred in failing to reduce his Sentencing Guidelines range based upon a role reduction because he was a mere "off-loader" and other defendants with similar roles received such role reductions. Petitioner also asserts that his attorney was ineffective in failing to appeal this issue.

Defense counsel requested a role reduction at the sentencing hearing, and the Court heard from counsel, the case agent and defendant as to the issue. (Cr.Doc. #623, pp. 4-10). The Court then declined the role reduction, finding that petitioner's role was different than other off-loaders and he did not deserve such a reduction. (Cr.Doc. #623, p. 11). The Court finds that the issues are without merit, and that in any event the issue is waived for the reasons set forth below.

Petitioner's Plea Agreement (Cr.Doc. #214) contains a valid waiver of appeal provision which includes a waiver of collateral challenges. It is well established that sentence-appeal waivers are valid if made knowingly and voluntarily. Williams v. United States, 396 F.3d 1340, 1341 (11th Cir.), cert. denied, 126 S. Ct. 246

(2005)(citing United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993), cert. denied, 513 U.S. 1051 (1994)).  Here, petitioner's Plea Agreement contained the following provision:

> The defendant understands and acknowledges that the defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines. Defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole. Knowing these facts, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. § 3553(f) and USSG § 5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(Cr.Doc. #214, p. 12, ¶ 5).  The Magistrate Judge who took the guilty plea highlighted this waiver provision as part of petitioner's plea colloquy, and determined that he understood the waiver provision. (Cr.Doc. #622, p. 14).  The Court finds that the appeal waiver was clearly knowing and voluntary under Bushert, 997 F.2d at 1350, and its progeny.  Therefore, the appeal waiver is proper and effective. United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir.), cert. denied, 125 S. Ct. 2279 (2005).

Additionally, the waiver provision is broad enough to include the Apprendi[2]/Booker[3]/Blakely[4] issue petitioner raises. United States v. Frye, 402 F.3d 1123, 1129 (11th Cir.), cert. denied, 125 S. Ct. 2986 (2005); United States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir.), cert. denied, 126 S. Ct. 416 (2005). Therefore, the Booker, Blakely, and Apprendi issues were waived by petitioner in this case as well. Further, the Eleventh Circuit has held that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to the plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." Williams, 396 F.3d at 1342.

## IV.

Plaintiff asserts that he was sentenced in violation of his constitutional rights as outlined in Blakley v. Washington, 542 U.S. 296 (2004). This is now construed as an argument under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). The Eleventh Circuit held "that *Booker's* constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." Varela v. United States, 400 F.3d 864, 867-68 (11th Cir.), cert. denied, 126 S. Ct. 312 (2005)(citing Schriro v. Summerlin, 124 S. Ct. 2519, 2526-27 (2004)).

---

[2] Apprendi v. New Jersey, 530 U.S. 466 (2000).

[3] United States v. Booker, 543 U.S. 220 (2005).

[4] Blakley v. Washington, 542 U.S. 296 (2004).

See also United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005). Accordingly, this issue of the petition must be dismissed.

Even if properly before the Court, this issue has no merit. Petitioner asserts that the calculation of his total offense level was based upon an enhancement for an amount of cocaine above five kilograms, which was not charged in the Superceding Indictment and which he did not admit. While the Superceding Indictment referred to "five (5) kilograms or more" of cocaine (Cr.Doc. #46), petitioner is factually incorrect in asserting that he did not admit to a greater amount. The Factual Basis portion of the Plea Agreement, which petitioner signed, states: "On or about July 27 and 28, 2001 as part of his knowing participation in an unlawful agreement to import 5 or more kilograms of cocaine into the United States, the defendant assisted Jimmie Lee Byrd and others in the transfer of approximately 2200 kilograms of cocaine from 2 Colombian vessels to the motor vessel FLU BAYOU." (Cr.Doc. #214, pp. 14-15). At the guilty plea colloquy, defendant stated that he did not object to any of the facts in the Plea Agreement. (Cr.Doc. #622, p. 21). At sentencing, defense counsel stated there were no factual objections. (Cr.Doc. #623, p. 3). There is no Booker constitutional violation where defendant admits the facts used to enhance his sentence in a plea agreement and at sentencing. United States v. Cartwright, 413 F.3d 1295, 1300 (11th Cir. 2005), cert. denied, ___ S. Ct. ___, 2006 WL 38083 (Jan. 9, 2006).

Accordingly, it is now

**ORDERED**:

1.  The Magistrate Judge's Report and Recommendation (Cv.Doc. #27) is **accepted and adopted**.

2.  The Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv.Doc. #1) is **DISMISSED** as to the Booker claims or alternatively is **DENIED** as to the Booker claims, and is **DENIED** as to the other claims.

3.  The Clerk of the Court shall enter judgment accordingly in the civil case, and close the civil file.

4.  The Clerk shall file a certified copy of the judgment in the criminal case file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___18th___ day of January, 2006.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
U.S. Magistrate Judge
Counsel of Record
Farrel Keith Hall

-8-